# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

| | | |
|---|---|---|
| **ANTHONY JONES, #56773** | | **PLAINTIFF** |
| **VERSUS** | | **CIVIL ACTION NO. 3:12-cv-865-CWR-FKB** |
| **MALCOLM MCMILLIN, ET AL.** | | **DEFENDANTS** |

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Jones, an inmate of the Mississippi Department of Corrections (MDOC), filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983. Plaintiff was granted permission to proceed *in forma pauperis* in this case. The named Defendants are Malcolm McMillin, Jacque Purnell, Alvin C. Thomas, Shronda Leggett, Hinds County Board of Supervisors and Surity Bonds. Upon liberal review of the Complaint and Responses, the Court has reached the following conclusions.

## I. Background

Plaintiff states that in January of 1985, he was convicted of rape. On November 5, 2007, Plaintiff pled guilty to failure to register as a sex offender in Hinds County Circuit Court. Plaintiff was sentenced to serve five years in the custody of MDOC. Plaintiff states that his "probation was violated" on November 9, 2011, resulting in his current incarceration. Resp. [13] at 1.

Plaintiff argues that failure to register as a sex offender was not a crime when he was convicted of rape in 1985, therefore, the law should not apply to him. Compl. [1] at 4-5. Plaintiff claims that his attorney was ineffective when she "compelled" him to plead guilty and that the Judge had "no authority" to impose a sentence. Resp. [13] at 2. Plaintiff concludes that his failure to register conviction, sentence and probation revocation are unconstitutional, thus he is illegally imprisoned. As relief, Plaintiff seeks monetary damages. Resp. [10] at 1.

## II. Analysis

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See* 28 U.S.C. § 1915 (e)(2)(B). The Fifth Circuit deems a complaint to be frivolous "if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success." *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992). Since the Court has permitted Plaintiff Jones to proceed *in forma pauperis* in this action, his Complaint is subject to the case screening procedures set forth in 28 U.S.C. § 1915(e)(2).

A civil rights action under § 1983 is the appropriate or available remedy for a prisoner's damages claim. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court addressed whether a claim for monetary damages which essentially challenges a plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Court found that it is not:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87 (footnotes omitted); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994). The rule set forth in *Heck* also applies to probation and parole revocation proceedings. *See Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995)(holding plaintiff's claims were barred by

*Heck*, since they would, if true, necessarily imply the invalidity of the revocation of his probation and parole). If the Court were to find in Plaintiff's favor and determine that his conviction, sentence and resulting revocation of probation was unconstitutional, it would necessarily imply the invalidity of his current term of imprisonment. Plaintiff has failed to demonstrate that his 2007 failure to register as a sex offender conviction and sentence or the 2011 revocation of his probation have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck,* 512 U.S. at 487. [1] Thus, Plaintiff's claims are barred by *Heck v. Humphrey*, at this time. *See, e.g., Cougle v. County of Desoto*, 303 F. App'x 164, 165 (5th Cir. 2008)("Cougle has not demonstrated that the revocation of his probation has been reversed, expunged, set aside or called into question as required by *Heck* as a prerequisite for this case to proceed.").

**III.    Conclusion**

As discussed above, Plaintiff's claims are barred by *Heck v. Humphrey*, at this time. Therefore, Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 will be dismissed as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii), with prejudice until the *Heck* conditions are met. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996)(finding *Heck* barred claims are legally frivolous); *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)(holding "[u]nder *Heck,* Johnson cannot state a claim so long as the validity of his conviction has not been called into question as defined therein" and such claims are properly

---

[1] Plaintiff was ordered to specifically state if the conviction and sentence responsible for his current incarceration had been invalidated by any of the means set forth in *Heck*. *See* Order [12].

3

"dismissed with prejudice . . . until the *Heck* conditions are met").

Since Plaintiff's § 1983 claims are dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, this dismissal will count as a "strike." *See* 28 U.S.C. § 1915(g). If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and be required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 16th day of April, 2013.

                                        s/Carlton W. Reeves
                                        UNITED STATES DISTRICT JUDGE